UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.

JOHN DOE NO. 124, by and through
JOHN DOE'S MOTHER, as parent and
Natural Guardian,

        Plaintiff,

vs.

SCHOOL BOARD OF MONROE
COUNTY, FLORIDA, and
WILLIAM BRITT,

        Defendants.

_____/

## COMPLAINT

Plaintiff, JOHN DOE NO. 124 ("JOHN DOE"), a minor boy, by and through JOHN DOE's Mother ("MOTHER DOE") as parent and natural guardian, hereby sues Defendant SCHOOL BOARD OF MONROE COUNTY, Florida ("SCHOOL BOARD"), and Defendant WILLIAM BRITT ("BRITT") and states the following:

### JURISDICTION, VENUE, AND PARTIES

1.     JOHN DOE is a minor child and resident of Monroe County, Florida. He resides with his parent and natural guardian, JOHN DOE's Mother, MOTHER DOE, in Monroe County, Florida. This action is brought using pseudonyms to protect the identities of JOHN DOE and MOTHER DOE as this matter concerns the sexual abuse of a minor. Plaintiffs fear further psychological damage to JOHN DOE if his identity as a victim of sexual abuse becomes publicly

Case 4:15-cv-10200-JEM   Document 1   Entered on FLSD Docket 10/21/2015   Page 2 of 17
JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

known. JOHN DOE's identity and MOTHER DOE's identity are known, or will be made known, to Defendants upon the Defendants' appearance in this action.

2. Defendant SCHOOL BOARD OF MONROE COUNTY is a district school board which is constitutionally and statutorily charged with the operation and control of public kindergarten-12th grade education within the Monroe County School District. At all relevant times, Mark T. Potter was the Superintendent of the School District and managed its day-to-day operations. The SCHOOL BOARD operates, controls, and maintains Sugarloaf School ("the School") in Monroe County, Florida. JOHN DOE was a student at the School at all relevant times.

3. Defendant WILLIAM BRITT ("BRITT") resides in FCI Coleman Low Federal Correctional Institution in Sumterville, Sumpter County, Florida, and at all relevant times was a citizen of the State of Florida. His expected release date is October 29, 2028. He was born in August of 1957 and is a serial sex offender who sexually abused at least three children in Monroe County, Florida. BRITT was employed as a substitute teacher/paraprofessional by the SCHOOL BOARD during the time period of his contact with JOHN DOE at the School.

4. This Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 20 U.S.C. §1681(a), and supplemental jurisdiction of the state law claims set forth herein pursuant to 28 U.S.C. §1367.

5. This action includes a violation of Title IX, Education Amendments 1972, 20 U.S.C. §1681 et seq. arising from teacher-on-student sexual discrimination, harassment, and abuse.

Case 4:15-cv-10200-JEM  Document 1  Entered on FLSD Docket 10/21/2015  Page 3 of 17
JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

6. Venue of this action lies in this District pursuant to 28 U.S.C. §1391 as the Defendant SCHOOL BOARD resides in this District and the events and omissions giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

7. JOHN DOE is profoundly autistic and mentally disabled. At all times relevant hereto, he was a special needs student who attended the School located in Sugarloaf Key, Florida, during the 2012-2013 school year. MOTHER DOE raised JOHN DOE and at all relevant times has been his parent and natural guardian.

8. In the Fall of 2012, BRITT was employed by the SCHOOL BOARD as a substitute teacher and acted as an aide assigned to work with JOHN DOE because of his profound autism.

### A. *Sexual Assault Of JOHN DOE And Notice To Sugarloaf School Officials*

9. On or about October 2, 2012, MOTHER DOE went to the School to pick up JOHN DOE. She encountered BRITT who had walked JOHN DOE to the student pick-up area. After JOHN DOE was situated in MOTHER DOE's automobile, BRITT told her that JOHN DOE needed extra shorts. MOTHER DOE asked if that was because he had urinated in his pants, and BRITT responded that it was because his pants were covered with "stuff." He continued by telling MOTHER DOE that JOHN DOE had been in the bathroom for a few minutes and then ran out of the bathroom into the classroom not wearing pants. He stated, while demonstrating by passing his hand over his genital area, that JOHN DOE's pants smelled like ammonia and that he was covered with "stuff." MOTHER DOE responded that JOHN DOE was physically unable to masturbate, but even if he were so able, he did not have the social grace to

3

Case 4:15-cv-10200-JEM Document 1 Entered on FLSD Docket 10/21/2015 Page 4 of 17
JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

go to a restroom to masturbate. BRITT replied that JOHN DOE was physically able to masturbate, that masturbation was natural, and that it was a way for JOHN DOE to calm himself.

10. The following day, MOTHER DOE kept JOHN DOE out of school because she was fearful for his well-being after her interaction with BRITT. Also on that day, she reported her interaction with BRITT to Maria Frappiano, an exceptional student education (ESE) staffing specialist, who was responsible for the ESE Program at the School, and Cynthia Welch, JOHN DOE's teacher. Later that day, MOTHER DOE discussed the same interaction with BRITT with Harry Russell, the Principal of the School.

11. On or about October 8, 2012, JOHN DOE returned to the School. BRITT continued in his same position in the School and continued his contact with JOHN DOE. Upon information and belief, after having received actual notice from MOTHER DOE of the foreseeable risk posed by BRITT of sexual harassment and abuse to exceptionally vulnerable students, including JOHN DOE, the SCHOOL BOARD did not act to supervise BRITT's contact with such students, including JOHN DOE; did not act to reassign BRITT to a position which did not involve contact with such students, including JOHN DOE; and did not suspend or terminate BRITT's employment.

12. Upon information and belief, after MOTHER DOE provided notice to Principal Russell, Ms. Welch, and Ms. Frappiano of the risk posed to JOHN DOE by BRITT, BRITT was allowed to continue in his position in JOHN DOE's classroom and to continue his sexual abuse of JOHN DOE. BRITT was ultimately removed from the classroom on or about November 8, 2012, because of his arrest by the Monroe County Sheriff's Office on criminal charges stemming from the possession of child pornography.

**B. *BRITT's Arrest And Admission Of Sexual Assault Of JOHN DOE***

4

Case 4:15-cv-10200-JEM Document 1 Entered on FLSD Docket 10/21/2015 Page 5 of 17
JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

13. On or about November 1, 2012, the Monroe County Sheriff's Office commenced a criminal investigation into possession of child pornography by BRITT. During the course of that investigation, the lead investigator, Detective Manuel Cuervo, learned that MOTHER DOE had reported her contact with BRITT to the School administration. Detective Cuervo interviewed BRITT on or about November 8, 2012, concerning the report of MOTHER DOE. BRITT acknowledged that there was an incident that he had with a special needs child at the School which involved him talking to the child's parent. BRITT told Detective Cuervo that he had to accompany the boy to the bathroom and "wipe his ass," and that he could smell semen coming from the boy while assisting him.

14. BRITT was arrested on November 8, 2012, and charged with 123 counts of possession of child pornography. BRITT was subsequently convicted of Receipt Of A Visual Depiction Of A Minor Engaged In Sexually Explicit Conduct and Possession Of An Unregistered Firearm in the United States District Court for the Southern District of Florida, and is currently serving a sentence of 220 months in federal prison followed by supervised release for a term of life.

15. On or about December 7, 2012, BRITT was interviewed by Special Agent Ricardo Enriquez of the Federal Bureau of Investigation. BRITT admitted to an incident with JOHN DOE at the School where he had worked and where JOHN DOE was a special needs student. BRITT told Special Agent Enriquez that JOHN DOE had soiled himself and that he attempted to clean him, and in doing so touched and rubbed JOHN DOE's penis and genital area. BRITT admitted that he became sexually aroused while doing so, and that he later masturbated himself to mental images of having touched JOHN DOE.

Case 4:15-cv-10200-JEM Document 1 Entered on FLSD Docket 10/21/2015 Page 6 of 17
JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

### C. *Actual Notice To Principal Of BRITT's Prior School In Defendant SCHOOL BOARD's School District*

16. Prior to BRITT sexually abusing JOHN DOE on or about October 3, 2012, the principal of a school in the Monroe County School District had actual notice that BRITT posed a risk of sexually abusing students.

17. More particularly, on or about January 1, 2012, 4-year-old D.R. was taken to the Lower Keys Medical Center by A.B., his mother, after D.R. had been complaining for several days of pain in his genital area, and after developing a fever. On the way to the hospital, D.R. disclosed to his mother that "Mr. B.," his teacher at the Reynolds School, had touched his scrotum area with a knife in a school bathroom.

18. The Reynolds School functioned as a pre-kindergarten facility in Key West, Florida, which was a part of the SCHOOL BOARD's Glynn R. Archer Elementary School.

19. A Key West police officer interviewed D.R. who advised that Mr. B. had touched his genital area. The officer contacted the abuse hotline of the Department of Children and Families ("DCF") and reported the touching of D.R.'s genital area.

20. The abuse report was investigated by DCF protective investigator Nadia Amador. As part of her investigation, she went to Glynn R. Archer Elementary School on or about January 18, 2012, and met with Henry Boza, the principal of Glynn R. Archer Elementary School. Ms. Amador informed Principal Boza that she was investigating a disclosure that a "Mr. B.," a teacher in the Reynolds School, had inappropriately touched the genital area of D.R. Principal Boza told Ms. Amador that "Mr. B." was BRITT, and that BRITT was D.R.'s teacher. Principal Boza was dismissive of the abuse report.

Case 4:15-cv-10200-JEM   Document 1   Entered on FLSD Docket 10/21/2015   Page 7 of 17

JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

21. During the above referenced December 7, 2012 interview of BRITT by Special Agent Ricardo Enriquez, BRITT admitted touching D.R. in a sexual manner when cleaning him, becoming excited and masturbating to images of touching D.M.

22. Principal Boza and the SCHOOL BOARD failed to take any action in response to the actual notice received of the risk posed by BRITT of sexually abusing or engaging in sexually inappropriate contact with students. The SCHOOL BOARD continued to allow BRITT to have contact with students in the Monroe County school system without warning, limit, supervision, or restraint.

23. At all relevant times after the report received by Principal Boza from the DCF protective investigator, Principal Boza and other administrators with actual knowledge of the danger posed by BRITT had the power and authority to engage in corrective measures to prevent BRITT from sexually abusing children who were students in a School District school. However, they failed to engage in any such corrective measures.

24. The SCHOOL BOARD has a continuing culture and custom of failing to promptly notify or warn parents or guardians of abuse or inappropriate behavior by its employees upon students, or other criminal or dangerous activity by its employees, resulting in harm or injury, or further harm or injury, to its students and their parents or guardians.

25. As a direct result of the SCHOOL BOARD's acts and omissions described herein, and the resulting sexual abuse of JOHN DOE by BRITT, JOHN DOE has suffered and continues to suffer great pain of mind, shock, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, isolation, social alienation, and loss of enjoyment of life. He has been prevented, and will continue to be prevented, from performing his daily activities and obtaining a

Case 4:15-cv-10200-JEM Document 1 Entered on FLSD Docket 10/21/2015 Page 8 of 17

JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

full enjoyment of life. He has incurred, and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling.

## COUNT I
### (Violation of Title IX, Education Amendments of 1972-20 U.S.C. §§1681, et. seq.)

26. JOHN DOE repeats and realleges the allegations set forth in paragraphs 1 through 25 above as if here set out verbatim.

27. At all relevant times, the education program or activity at the School received federal financial assistance.

28. JOHN DOE had a right to not be subjected to sexual discrimination, harassment, or abuse while he participated in the SCHOOL BOARD's education program or activity which received federal financial assistance.

29. The SCHOOL BOARD had actual notice that BRITT posed a grave danger of sexually abusing or molesting students in the School District. The contact between DCF protective investigator Amador and Principal Boza alerted Principal Boza, as well as other SCHOOL BOARD agents and officials, to BRITT's sexual proclivities with male students who were very young or profoundly disabled. Additionally, MOTHER DOE's report to Principal Russell and ESE Specialist Frappiano provided actual notice to officials or the School that BRITT posed a grave danger of sexual harassment or abuse for disabled students.

30. Messrs. Boza and Russell, as Principals, and other SCHOOL BOARD officials, with actual notice, had the authority to institute corrective measures in response to the danger posed by BRITT.

31. The decisions of Principals Boza and Russell and other SCHOOL BOARD officials, after receipt of actual notice of the danger posed by BRITT of sexually abusing or

8

Case 4:15-cv-10200-JEM Document 1 Entered on FLSD Docket 10/21/2015 Page 9 of 17

JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

molesting students, to allow BRITT to continue to teach without instituting any corrective measures, were official decisions to ignore the risk posed by him of sexually abusing or molesting students in their care.

32. In response to actual notice that BRITT posed a risk of sexually abusing or molesting students, Principal Boza and Principal Russell and other the SCHOOL BOARD officials could have instituted any number of corrective measures that would have prevented the sexual abuse of JOHN DOE, including, but not limited to, (i) terminating the employment of BRITT; (ii) preventing BRITT from having contact with any student while on school grounds when not being supervised by another adult; (iii) monitoring and more closely supervising BRITT's interaction with students; (iv) directing BRITT that he could not be with any student without another adult being present; (v) warning parents that BRITT had been the subject of a complaint of inappropriate behavior of a sexual nature with a student; (vi) investigating the disclosure of D.R. to determine the extent of BRITT's inappropriate behavior with D.R. and other students; or (vii) any such other action reasonably intended or designed to protect students from sexual misconduct by BRITT.

33. Despite receipt of actual notice, Principal Boza, Principal Russell, the SCHOOL BOARD, and the SCHOOL BOARD's agents and representatives, acted with deliberate indifference by failing to (i) terminate the employment of BRITT; (ii) prohibit BRITT from having unsupervised and unobservable access to any student; (iii) warn parents about the allegation which had been made against BRITT; (iv) otherwise restrict BRITT's access to any students, especially vulnerable students; or (v) implement any other corrective measure(s) to prevent BRITT from sexually abusing students, including JOHN DOE.

Case 4:15-cv-10200-JEM Document 1 Entered on FLSD Docket 10/21/2015 Page 10 of 17
JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

34. As a result of this gross failure to act, JOHN DOE was sexually abused by BRITT.

35. As a direct result and moving force behind the sexual discrimination, harassment, and abuse described herein, Plaintiff JOHN DOE was deprived the benefits of an education in the Monroe County School District.

36. As a direct result and moving force behind the sexual discrimination, harassment, and abuse described herein, Plaintiff JOHN DOE has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, and costs associated with medical/psychological care and treatment. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff JOHN DOE respectfully requests that this Court enter judgment against SCHOOL BOARD OF MONROE COUNTY, and award all damages including compensatory damages and special damages and punitive damages, costs, interest, attorneys' fees pursuant to 42 U.S.C. §1988 and any other relief that this Court deems just and proper.

## COUNT II
### (Negligent Retention)

37. Plaintiff JOHN DOE repeats and re-alleges paragraphs 1-36 above as if here set out verbatim.

Case 4:15-cv-10200-JEM   Document 1   Entered on FLSD Docket 10/21/2015   Page 11 of 17
JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

38. After the SCHOOL BOARD employed BRITT, School officials were informed that BRITT posed a danger of sexual assault or abuse to ESE students, and it was reasonably foreseeable that such abuse would occur.

39. The SCHOOL BOARD negligently failed to take any or adequate further action to address BRITT's unfitness as a SCHOOL BOARD employee to have access to, and contact with, children. The SCHOOL BOARD negligently failed to adequately further investigate the report, to discharge him from his employment with the SCHOOL BOARD, or to reassign him to a position which did not involve contact with children.

40. After learning of the disclosure of D.R., the SCHOOL BOARD caused or allowed BRITT to continue being assigned to positions which allowed him contact with children.

41. Plaintiffs have given the requisite notice to Defendant SCHOOL BOARD of this claim pursuant to Section 768.28, Florida Statutes.

42. As a direct and proximate result of the SCHOOL BOARD's breach of its duty to conduct an adequate investigation, to terminate BRITT's employment, or to reassign BRITT to a position which protected the safety of students by not allowing him contact with students, JOHN DOE was sexually abused by BRITT while he attended the School.

43. The sexual abuse of JOHN DOE by BRITT has caused JOHN DOE to suffer severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, and costs associated with medical/psychological care and treatment. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition

Case 4:15-cv-10200-JEM Document 1 Entered on FLSD Docket 10/21/2015 Page 12 of 17

JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff JOHN DOE respectfully requests that this Court enter judgment against SCHOOL BOARD OF MONROE COUNTY, and award all damages including compensatory damages and special damages and punitive damages, costs, interest, and any other relief that this Court deems just and proper.

## COUNT III
## (Negligent Supervision)

44. Plaintiff JOHN DOE hereby incorporates the allegations contained in paragraphs 1 through 43 by reference as if here set out verbatim.

45. The SCHOOL BOARD had a duty to supervise and protect students at the School.

46. The SCHOOL BOARD, by and through its agents, servants, and employees, knew or should have known of BRITT's dangerous sexual propensities and that he was unfit to serve in any position within the School District that involved contact with students.

47. Despite the SCHOOL BOARD's knowledge of BRITT's dangerous sexual propensities as described above, the SCHOOL BOARD breached its duty to protect JOHN DOE by failing to exercise reasonable care in supervising its students by allowing BRITT to serve in a position which included contact with students despite knowing of his dangerous sexual propensities, and by failing to institute adequate supervision of BRITT's contact with students by an adult with knowledge of the nature of the complaint made by D.R..

48. As a direct and proximate result of the SCHOOL BOARD's breach of its duty to exercise reasonable care to adequately supervise its students, JOHN DOE was sexually abused by BRITT.

Case 4:15-cv-10200-JEM Document 1 Entered on FLSD Docket 10/21/2015 Page 13 of 17

JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

49.  As a direct and proximate result of the SCHOOL BOARD's breach of its duty to adequately supervise BRITT, whom the SCHOOL BOARD knew posed a foreseeable risk of sexually abusing students, especially vulnerable students, JOHN DOE was sexually abused by BRITT while attending the School.

50.  As a direct and proximate result of the SCHOOL BOARD's breach of its duty to conduct an adequate further investigation of the disclosure of D.R., to terminate BRITT's employment, or to reassign BRITT to a position which protected the safety of students by not allowing him contact with students, JOHN DOE was sexually abused by BRITT while he attended the School.

51.  Plaintiffs have given the requisite notice to Defendant SCHOOL BOARD of this claim pursuant to Section 768.28, Florida Statutes.

52.  The sexual abuse of JOHN DOE by BRITT has caused JOHN DOE to suffer severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, and costs associated with medical/psychological care and treatment. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff JOHN DOE respectfully requests that this Court enter judgment against SCHOOL BOARD OF MONROE COUNTY, and award all damages including compensatory damages and special damages and punitive damages, costs, interest, and any other relief that this Court deems just and proper.

Case 4:15-cv-10200-JEM Document 1 Entered on FLSD Docket 10/21/2015 Page 14 of 17

JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

## COUNT IV
### (Vicarious Liability)

53. JOHN DOE repeats and re-alleges paragraphs 1-52 as if here set out verbatim.

54. At all times material hereto, BRITT was an employee, appointee, and/or agent of Defendant SCHOOL BOARD.

55. BRITT committed acts of battery upon JOHN DOE by offensively and harmfully touching his genital area for the purposes of his own sexual gratification.

56. BRITT was authorized by Defendant SCHOOL BOARD to have physical contact with students, including JOHN DOE. Given JOHN DOE's profound disabilities, BRITT, as a SCHOOL BOARD employee assigned to JOHN DOE, was authorized to touch JOHN DOE, and to remove JOHN DOE's clothes and assist him in the bathroom. The authorized touching included the touching of his genital area.

57. The acts of battery and offensive, harmful touching in a sexual manner perpetrated by BRITT upon JOHN DOE occurred on the premises of the School where BRITT was required to perform his employment responsibilities.

58. The acts of battery and offensive, harmful touching in a sexual manner described above occurred during BRITT's working hours.

59. BRITT's contacts, interactions, and relationship with JOHN DOE were in furtherance of the educational and student caretaking obligation of Defendant SCHOOL BOARD.

60. BRITT used and exploited the authorized touching of JOHN DOE to sexually abuse JOHN DOE by engaging in acts of battery and offensive, harmful touching of his genital area as described above.

Case 4:15-cv-10200-JEM  Document 1  Entered on FLSD Docket 10/21/2015  Page 15 of 17
JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

61. The acts of touching of JOHN DOE engaged in by BRITT were in the actual or apparent course and scope of his employment or agency with Defendant SCHOOL BOARD.

62. As a result of the batteries of a sexual nature described herein, JOHN DOE has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, and costs associated with medical/psychological care and treatment. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

63. Under the doctrine of *respondeat superior,* Defendant SCHOOOL BOARD is responsible and liable for the wrongful acts of BRITT who was its employee, agent, and/or appointee, which acts were committed in the actual or apparent course and scope of his duties.

64. Plaintiffs have given the requisite notice to Defendant SCHOOL BOARD of this claim pursuant to Section 768.28, Florida Statutes.

WHEREFORE, Plaintiff JOHN DOE respectfully requests that this Court enter judgment against SCHOOL BOARD OF MONROE COUNTY, and award all damages including compensatory damages and special damages and punitive damages, costs, interest, and any other relief that this Court deems just and proper.

## COUNT V
### (Battery)

65. Plaintiff repeats and re-alleges Paragraphs 1 through 64 above.

Case 4:15-cv-10200-JEM Document 1 Entered on FLSD Docket 10/21/2015 Page 16 of 17
JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY
Case No:
Complaint

66. WILLIAM BRITT committed battery upon JOHN DOE consisting of intentional, harmful, unwanted and offensive touching of his person.

67. As a direct and proximate cause of the foregoing, JOHN DOE has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, and costs associated with medical/psychological care and treatment. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future..

WHEREFORE, Plaintiff JOHN DOE respectfully requests that this Court enter judgment against WILLIAM BRITT, and award all damages including compensatory damages and special damages and punitive damages, costs, interest, and any other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Dated: October 21, 2015.                Respectfully submitted,

                                        HERMAN LAW
                                        3351 NW Boca Raton Boulevard
                                        Boca Raton, Florida 33431
                                        Tel: 305-931-2200
                                        Fax: 305-931-0877
                                        www.hermanlaw.com

                                        By: _____
                                        Jeff Herman
                                        Florida Bar No: 512647
                                        jherman@hermanlaw.com

16

<u>JOHN DOE NO. 124 et al vs. SCHOOL BOARD OF MONROE COUNTY</u>
Case No:
Complaint

                                              Stuart Mermelstein
                                              Florida Bar No: 948345
                                              Lee Gill Cohen
                                              Florida Bar No. 825670
                                              lcohen@hermanlaw.com

                                              R. Bruce Wallace, Esq.
                                              Florida Bar No: 185051
                                              Horan, Wallace & Higgins, LLP
                                              608 Whitehead Street
                                              Key West, FL 33040
                                              rbwallace@horan-wallace.com